UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| DUSTIN WILLIAM ATCHLEY,<br><br>    Plaintiff,<br><br> vs.<br><br>NANCY A. BERRYHILL, Acting Commissioner, Social Security Administration,<br><br>    Defendant. | CIV. 15-5081-JLV<br><br>ORDER |

**INTRODUCTION**

  Plaintiff Dustin Atchley filed a complaint appealing the final decision of Nancy A. Berryhill,[1] the Acting Commissioner of the Social Security Administration, finding him not disabled.  (Docket 1).  Defendant denies plaintiff is entitled to benefits.  (Docket 11).  The court issued a briefing schedule requiring the parties to file a joint statement of material facts ("JSMF").  (Docket 13).  The parties filed their JSMF.  (Docket 14).  In lieu of filing a motion to reverse the Commissioner and supporting brief as directed by the court, plaintiff filed a request that the court take judicial notice of certain United States Bureau of Labor statistical data.  (Docket 15).  At the same time,

---

  [1]Nancy A. Berryhill became the Acting Commissioner of Social Security on January 20, 2017.  Pursuant to Fed. R. Civ. P. 25(d), Ms. Berryhill is automatically substituted for Carolyn W. Colvin as the defendant in all pending social security cases.  No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

plaintiff moved to extend the deadlines established by the briefing schedule pending resolution of the judicial notice request.  (Docket 16).  The court granted the motion to extend the original deadlines and directed briefing on plaintiff's judicial notice request.  (Docket 17).  Briefing is complete and the request is ripe for resolution.  For the reasons stated below, plaintiff's request for judicial notice is denied.

## ANALYSIS

The parties' JSMF (Docket 14) is incorporated by reference.  Further recitation of salient facts will be included in this analysis where appropriate.

Mr. Atchley asks the court to take judicial notice of the data reported by the "Bureau of Labor Statistics—Employment Projections . . . Table 1.11 Educational attainment for workers 25 years and older by detailed occupation, 2012-13" ("Educational Attainment Data").  (Docket 15 at p. 1; see also 15-1). Mr. Atchley asserts this information "is a proper subject of judicial notice because it is not subject to reasonable dispute, because it can be accurately and readily determined from a source whose accuracy cannot reasonably be questioned."  (Docket 15 at p. 1) (referencing Fed. R. Evid. 201(b)(2)).

Plaintiff claims the Educational Attainment Data "is not subject to reasonable dispute because as a matter of law, [the Social Security Administration] takes administrative notice of job information from governmental publications including publications by the Bureau of Labor

Statistics." Id. (referencing 20 CFR § 404.1566(d)).  Mr. Atchley claims this "information is material because the Social Security Act and SSA's regulation require the ALJ to specifically find, before denying a claim at step five, that a claimant is able to perform 'work which exists in significant numbers either in the region where such individual lives or in several regions of the country.' " Id. at p. 2 (citing 42 U.S.C. § 423(d)(2); 20 CFR § 404.1560).

At the administrative hearing, a vocational expert ("VE") testified in response to a hypothetical question posed by the Administrative Law Judge ("ALJ") regarding Mr. Atchley's residual functional capacity ("RFC"). The VE opined there were positions regionally[2] which plaintiff could perform, particularly: "500 routing clerks, 300 mail clerks, and 300 inserting machine operators." Id. at p. 2 (referencing Docket 14 ¶ 4 [referencing AR at pp. 65-66]). Mr. Atchley argues "[t]he ALJ did not ask the VE, and the VE did not opine, the degree to which the numbers of jobs would be eroded because of Plaintiff's limited education."[3]  (Docket 15 at p. 2).

According to Mr. Atchley, the Educational Attainment Data provides critical information regarding the number of jobs identified by the VE where the

---

[2]The vocational expert considered the states of South Dakota, Wyoming and Nebraska in his regional analysis.  (Administrative Record at p. 65) (hereinafter "AR at p. ___").

[3]Counsel representing Mr. Atchley did not represent him during the administrative hearing.

3

worker does not have a high school diploma.[4]  That data is summarized as follows:

> 2.5 percent of postal service clerks do not have a high school diploma.  (Docket 15-1 at p. 14);
>
> 3.4 percent of postal service mail sorters, processors, and processing machine operators do not have a high school diploma.  Id.;
>
> 13.2 percent of shipping, receiving, and traffic clerks do not have a high school diploma.  Id.;
>
> 8.2 percent of mail clerks and mail machine operators (except postal service) do not have a high school diploma.  Id.; and
>
> 8.8 percent of office machine operators (except computer) do not have a high school diploma.  Id.

Mr. Atchley argues this data erodes the ALJ's determination "that jobs exist in significant numbers in the 'national' economy as defined by the Act."  (Docket 15 at p. 3).

The Commissioner opposed plaintiff's request for a number of reasons.  (Docket 18).  First, the Commissioner argues an appeal from the a final decision is limited to a review of the hearing transcript and the administrative record.  Id. at p. 2 (referencing 42 U.S.C. § 405).  The Commissioner asserts the Educational Attainment Data was not part of the administrative record and should not be considered by the court.  Id.  In this case, the Commissioner chose to use a VE to address the "more complex issues" not otherwise resolved by the *Medical-Vocational Guidelines* ("Grid Rules") as permitted by the regulations.

---

[4]Mr. Atchley completed the eighth grade and did not obtain a GED. (Docket 14 ¶ 48).

Id. at pp. 5-6 (referencing 20 CFR § 404.1566(e)).  Because the ALJ used the testimony of a VE, the Commissioner argues the ALJ was not required "to take administrative notice of particular job data."  Id. at p. 6.

Next, the Commissioner argues plaintiff's data is "new evidence he failed to . . . submit during the administrative process . . . ."  Id.  The Commissioner asserts there are only limited circumstances when new evidence can be considered and those require "good cause for the failure to incorporate such evidence into the record in a prior proceeding."  Id. (citing 42 U.S.C. § 405(g)).  In the Commissioner's view, this case presents no "good cause for failure to submit the evidence."  Id. at p. 8.

Finally, the Commissioner argues the court should not take judicial notice of the Educational Attainment Data because it constitutes "new evidence on a disputed question of fact."  Id.  The Commissioner contends the United States Court of Appeals for the Eighth Circuit ruled that a "court may not take judicial notice of information where the information presents new evidence on a disputed question of fact."  Id. (referencing United States v. Eagleboy, 200 F.3d 1137, 1140 (8th Cir. 1999).

In rebuttal, Mr. Atchley argues courts have permitted the use of extra-record evidence "when the agency fail[s] to consider fact[s] which are relevant to its final decision."  (Docket 19 at p. 3) (citing Esch v. Yeutter, 876 F.2d 976, 991 (D.C. Cir. 1989)).  In his case, Mr. Atchley contends the Educational Attainment Data "is proof that explains the harm that resulted from

5

the ALJ's failure to develop evidence material to the penultimate issue, whether there were a significant number of jobs that Atchley could do, given his eighth-grade education." Id.  Mr. Atchley argues the record is incomplete when the VE "was not asked the degree to which an eighth-grade education eroded the numbers to which he testified." Id. at p. 5.  Mr. Atchley acknowledges the lawyer who represented him at the administrative hearing did not ask the VE about the effect of educational erosion on the job numbers about which the VE testified. Id. at p. 7.

As an element of the hypothetical question regarding Mr. Atchley's RFC, the ALJ asked the VE to "assume an individual the same age and education as the claimant." (AR at p. 64) (emphasis added).  The court must assume the VE took into consideration Mr. Atchley's eighth grade education as part of the analysis of the number of jobs he could perform based on his RFC.  The court will not assume the VE failed to consider the job numbers erosion based on Mr. Atchley's education.  There is no evidence the VE failed to consider all of the factors necessary to arrive at a valid opinion for consideration by the ALJ.

Counsel for Mr. Atchley at the administrative hearing limited his inquiry into areas not associated with education. See AR at pp. 67-68.  That attorney is a licensed member of the State Bar of South Dakota who has represented a significant number of claimants both before the Social Security Administration and this court.

Appellate counsel cannot interject a new theory of cross-examination at this level.  No good cause has been shown to compel the court to take judicial notice of the Educational Attainment Data or to reopen the administrative record to require the Commissioner to consider the data.     42 U.S.C. § 405(g) (the court "may at any time order additional evidence to be taken before the Commissioner . . . but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . ."

## ORDER

Based on the above analysis, it is

ORDERED that plaintiff's request (Docket 15) is denied.

NOTICE IS FURTHER GIVEN that a new briefing schedule shall issue by a separate order.

Dated March 23, 2017.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE