UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| DUSTIN W. A.,[1]<br><br>    Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL, Acting Commissioner, Social Security Administration,<br><br>    Defendant. | CIV. 15-5081-JLV<br><br>ORDER |

    The court entered an order (1) reversing the decision of the Commissioner of the Social Security Administration ("Commissioner") denying plaintiff Dustin A.'s application for benefits, and (2) remanding the case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Docket 33). Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, Catherine Ratliff, counsel for Dustin A., timely moved for an award of attorney's fees and expenses. (Docket 37). The motion seeks an award of $10,059 in attorney's fees, court costs of $400 and expenses of $653.84 in state and local sales tax. (Docket 37 at p. 1). Although Ms. Ratliff listed 72.5 hours on her log, she recognizes that number is large and seeks compensation for 54.38 hours. (Dockets 38-1 ¶ 5 & 38-2 at p. 6). The

---

[1]The Administrative Office of the Judiciary suggested the court be more mindful of protecting from public access the private information in Social Security opinions and orders. For that reason, the Western Division of the District of South Dakota will use the first name and last initial of every non-governmental person mentioned in the opinion. This includes the names of non-governmental parties appearing in case captions.

Commissioner does not object to an award of EAJA fees, but objects to the number of hours for which Ms. Ratliff seeks compensation. (Docket 39). For the reasons stated below, the court grants in part and denies in part Dustin A.'s motion.

## ANALYSIS

Ms. Ratliff asks the court to set the hourly rate at $185, after factoring in the cost of living adjustment permitted by the EAJA. (Docket 23-1 ¶ 3). The Commissioner does not object to the hourly rate requested. (Docket 39 at p. 1). The EAJA sets a limit of $125 per hour for attorney's fees. 28 U.S.C. § 2412(d)(2)(A). However, a court may award a higher hourly fee if "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." Id. The court finds the rate of $185 is reasonable considering the training and experience of Ms. Ratliff in the practice of social security law.

The Commissioner seeks to reduce the number of Ms. Ratliff's billable hours to 38.5 hours. (Docket 39 at p. 1). The Commissioner argues the average number of hours spent on a district court Social Security proceeding is 20 to 40. Id. at p. 2 (referencing Coleman v. Astrue, No. C05-3045, 2007 WL 4438633, at *3 (N.D. Iowa Dec. 17, 2007)). The Commissioner contends "nothing about the facts and issues in this matter supports a deviation from that average disability benefits EAJA award." Id. at p. 3.

A court has the discretion to reduce the amount of the award or deny an award "to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy." 28 U.S.C. § 2412(d)(1)(C). The court also must decide whether the hours spent by Ms. Ratliff representing Dustin A. were "reasonably expended." See Blum v. Stenson, 465 U.S. 886, 901 (1984); 28 U.S.C. § 2412(d)(2)(A). The administrative record in Dustin A.'s case was 374 pages in length, which the court finds to be an average size record. (Docket 39 at p. 2). After reviewing Ms. Ratliff's time log (Docket 28-2) and considering the parties' arguments on this issue, the court finds certain reductions are proper.

Due to the manner in which Ms. Ratliff recorded her hours in her time log, the court finds it most helpful to aggregate the hours into four discrete categories: (1) time spent with the client or performing administrative functions and preparing the summons and complaint; (2) time spent preparing the joint statement of material facts ("JSMF") and joint statement of disputed facts ("JSDF"); (3) preparing Dustin A.'s motion and supporting memorandum asking the court to take judicial notice; (4) preparing Dustin A.'s motion and supporting memorandum to reverse the decision of the Commissioner; and (5) time spent preparing the motion for attorney's fees under the EAJA.

Under the first category of time, the court finds some reductions are proper. The Commissioner targets one hour it argues represents

3

administrative activities which are not compensable because "[t]he EAJA compensates only for work done in federal court 'in a civil action.' " (Docket 39 at p. 6) (referencing 28 U.S.C. § 2412(d)). Ms. Ratliff's reply brief on EAJA fees does not oppose the Commissioner's objection to .75 hours as a deduction. (Docket 40 at p. 4). The court finds one hour must be deducted for administrative activities performed prior to the filing of the complaint. (Docket 38-2 at p. 1). The court finds the remaining .5 hour is compensable. See Dillon v. Berryhill, Civ. 15-5034, 2017 WL 4792226, at *2 (D.S.D. Oct. 23, 2017).

Turning to the second category of time, Ms. Ratliff spent 18.25 hours preparing the JSMF in this case. (Docket 38-2 at p. 2). This court requires attorneys in social security cases to submit a highly detailed JSMF. (Docket 13 at pp. 1-2). The Commissioner does not oppose "[p]laintiff's request for 18.25 spent preparing the JSMF . . . given that Plaintiff later reduces [these] requested hours by 25%." (Docket 39 at p. 5). As the court understands the response, the Commissioner does not oppose an award for 13.69 hours.

Ms. Ratliff's time log includes entries related to her time communicating with her client, "reviewing his life-pattern and work history, effects of bipolar and reactive antipathy toward others. He says he's not going back to Dr. [G.], DDS will send to Dr. [S.]." (Docket 38-2 at p. 2). It is difficult to decipher from the grouping of activities how much time was spent on these client-related activities. The total time spent on activities on the date in question totaled 4.5

hours.  Id.  To avoid repetitive work with the other entries related to the JSMF, the court finds Ms. Ratliff reasonably expended 17.5 hours preparing the JSMF in the case.  See Stickler, 2017 WL 4792220, at *2.

As for the third category of time, Ms. Ratliff spent 14.42 preparing Dustin A.'s motion and accompanying brief and a reply brief on the judicial notice issue.  (Docket 38-2 at pp. 3-4).  The Commissioner opposes all this time.  (Docket 39 at p. 5).  The Commissioner argues:

> Plaintiff's motion . . . was not well taken. . . . as the data did not support [plaintiff's] contention that an individual with less than a high school education could not perform the occupations the vocational expert listed.  Rather the data supported the vocational expert's testimony that individuals with [p]laintiff's education could, and did, perform the occupations.

Id. at p. 7.  Ms. Ratliff contends the motion was "justified . . . because, had [p]laintiff won on that issue, it would have necessarily resulted in remand, and no further hours spent in court."  (Docket 40 at p. 3).

The court denied plaintiff's motion.  (Docket 20).  The court concluded it would "not assume the VE failed to consider the job numbers erosion based on [Dustin A.'s] education.  There is no evidence the VE failed to consider all of the factors necessary to arrive at a valid opinion for consideration by the ALJ." Id. at p. 6.  The court found Ms. Ratliff, as new counsel for the appeal, could not "interject a new theory of cross-examination at this level."  Id. at p. 7.  The court finds plaintiff is not entitled to an award of attorney's fees for work unwarranted under the facts of this case.  The court will not consider the 14.42 hours spent in this category.

5

As for the fourth category of time, Ms. Ratliff spent 28.67 hours preparing Dustin A.'s motion and accompanying brief to reverse the decision denying him benefits. (Docket 38-2 at pp. 3-5). According to the Commissioner's calculation, plaintiff is requesting 30.75 hours for this category. (Docket 39 at p. 8). The Commissioner argues there is a redundancy of 5.75 hours for which no compensation should be paid. (Docket 39 at p. 8). A portion of this duplicate work, the Commissioner contends, is for reviewing and extracting the JSMF for incorporation into plaintiff's brief. Id. Under the Commissioner's argument, plaintiff should be allowed 25 hours in this category. Id.

The court finds 28.67 hours is excessive for preparing the initial motion and memorandum after 18.25 hours was already spent preparing the JSMF. Because of the nature of the plaintiff's challenges to the Commissioner's decision, the court finds 25 hours spent preparing her motion and supporting memorandum to reverse the decision of the Commissioner is a more appropriate amount of time given the facts and complexity of the case. See Stickler, 2017 WL 4792220, at *3.

The Commissioner agrees Ms. Ratliff spent 4.25 hours preparing a reply brief. (Docket 39 at p. 5). Because Ms. Ratliff agreed to discount the total billing by 25 percent, the Commissioner does not oppose an award for 3.19 hours in this category. Id. The court finds 4.25 hours is reasonable and it would be inappropriate to discount this area simply because Ms. Ratliff agreed

to discount the total hours by 25 percent. After the significant adjustments made earlier in this analysis, no reduction in this area is warranted.

The final category of time is the 2.5 hours Ms. Ratliff spent preparing the motion for attorney's fees. (Dockets 38-2 at p. 6 and 40 at p. 4). The Supreme Court held that attorney's fees under the EAJA may be awarded for the time spent applying for the EAJA fee award. Commissioner, Immigration & Naturalization Service v. Jean, 496 U.S. 154, 162 (1990). Ms. Ratliff is entitled to recover the 2.5 hours requested. See Dillon, 2017 WL 4792226, at *3.

The court finds a total of 49.75 hours were reasonably expended by Ms. Ratliff and in line with the complexity of this case, for a total attorney's fee award of $9,203.75. No objection was made to the $400 for court filing costs to be paid from the Judgment Fund pursuant to 28 U.S.C. §§ 1920 and 2412(a)(1).[2]

**ORDER**

Based on the above analysis, it is

ORDERED that plaintiff's motion (Docket 37) is granted in part and denied in part.

---

[2]On December 2, 2015, the court authorized Dustin A. to proceed on an *in forma pauperis* basis. (Docket 5). The court further ordered that "[a]ny recovery in this action by [Dustin A.] shall be subject to the payment of costs and fees, including the $400 filing fee." Id. at 1.

IT IS FURTHER ORDERED that plaintiff is awarded $9,801.99 comprised of $9,203.75 in attorney's fees and $598.24 in expenses representing six and one-half percent (6.5%) state and local sales tax on the attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

IT IS FURTHER ORDERED that plaintiff is entitled to $400 for court filing costs to be paid from the Judgment Fund pursuant to 28 U.S.C. §§ 1920 and 2412(a)(1).

IT IS FURTHER ORDERED that this award is without prejudice to plaintiff's right to seek attorney's fees under § 206(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provision of the Equal Access to Justice Act; however, this award shall constitute a complete release from and bar to any and all other claims plaintiff may have relating to the Equal Access to Justice Act in connection with this case.

IT IS FURTHER ORDERED that under Astrue v. Ratliff, 560 U.S. 586, 595-98 (2010), Equal Access to Justice Act fees awarded by the court belong to the plaintiff and are subject to offset under the Treasury Offset Program, 31 U.S.C. § 3716(c)(3)(B) (2006).

IT IS FURTHER ORDERED that the Equal Access to Justice Act fees shall be paid to plaintiff Dustin A., but delivered to plaintiff's attorney Catherine Ratliff, Ratliff Law Office, 2006 S. Dorothy Circle, Sioux Falls, South Dakota 57106.

Dated December 10, 2018.

BY THE COURT:
/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE